**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

ZAZIIZ S. L. DINKINS,

              Plaintiff,

    v.

ALEJANDRO N. MAYORKAS,
*Secretary, Department of*
*Homeland Security, Washington,*
*DC*

              Defendant.

Civ. No. 1:22-cv-01109-NLH-SAK

**OPINION**

---

**APPEARANCES:**

ZAZIIZ S.L. DINKINS
410 SHORT HILLS DRIVE
MOUNT ROYAL, NJ 08061

    *Pro se Plaintiff*

ANDREW BOCCIO
DOJ-USAO
DISTRICT OF NEW JERSEY
970 BROAD STREET
Room 700, 7TH FLOOR
NEWARK, NJ 07102

    *Counsel for Defendant*

**HILLMAN, District Judge**

Before the Court is Defendant's Motion to Dismiss. (ECF 37). For the reasons expressed below, the Motion to Dismiss will be granted in part and denied in part without prejudice.

1

I.      BACKGROUND

On March 1, 2022, Plaintiff Zaziiz S. L. Dinkins

("Plaintiff") filed a Complaint in this Court against Alejandro

N. Mayorkas in his official capacity as Secretary of the

Department of Homeland Security.  (ECF 1 at 1).  The Complaint

alleges "illegal harassment, discrimination, and a hostile work

environment"[1] while Plaintiff was working at the Federal

Emergency Management Agency (FEMA), Region 2, Mission Support

Division.  (Id. at 3).  Plaintiff states that the events giving

rise to her allegations occurred at FEMA, Mission Support

Division located at 1 World Trade Center, Floor 52, in New York

City.

On October 16, 2023, Defendant filed the instant Motion to

Dismiss, seeking dismissal pursuant to Federal Rule of Civil

Procedure 12(b)(3) for improper venue and Federal Rule of Civil

Procedure 12(b)(6) for failure to state a claim.  (ECF 37).

Plaintiff filed her Response on October 24, 2023.  (ECF 38).

Defendant filed his Reply on November 6, 2023.

---

[1] Although the Complaint does not refer to any specific state or
federal statute, Defendant has attached the final agency
decision the preceded this lawsuit, which discusses these claims
under the framework of Title VII.  (ECF 37-2 at 34).  Plaintiff
refers to this agency process in her Response, stating "I
specifically followed the instructions of the EEOC to file a
civil lawsuit as an option."  (ECF 38 at 1).  Accordingly, this
Court understands Plaintiff's harassment, discrimination, and
hostile work environment claims as alleged pursuant to Title
VII.

## II.   LEGAL STANDARD

### a. Federal Rule of Civil Procedure 12(b)(3)

A party may seek to dismiss a case for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).  "Title VII contains its own venue provision."  Sandler v. Donley, No. 09-06257, 2011 WL 2293327, at *2 (D.N.J. June 8, 2011) (citing 42 U.S.C. § 2000e-5(f)(3)).  "Title VII's venue provision is 'mandatory and well-settled, thereby rendering other general venue statutes inapplicable.'"  Id. (quoting Vincent v. Woods Servs., No. 08-01007, 2008 WL 939190, at *1 (D.N.J. Apr. 4, 2008)).  For Title VII actions venue is proper: (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed"; (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered"; or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice."  42 U.S.C. § 2000e-5(f)(3).  The venue statute contains a backstop provision: "if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office."  Id.

When a court concludes that venue is improper, it may dismiss the case or transfer it to another district pursuant to 28 U.S.C. § 1406(a).  See Ferratex, Inc. v. U.S. Sewer & Drain,

3

Inc., 121 F. Supp. 3d 432, 436 (D.N.J. Aug. 4, 2015); see also
28 U.S.C. § 1406(a) ("The district court of a district in which
is filed a case laying venue in the wrong division or district
shall dismiss, or if it be in the interest of justice, transfer
such case to any district or division in which it could have
been brought."). Courts may also transfer matters when venue is
proper, but when transfer nonetheless would be to the
convenience of the parties. Ferratex, Inc., 121 F. Supp. 3d at
436; see also 28 U.S.C. § 1404(a) ("For the convenience of
parties and witnesses, in the interest of justice, a district
court may transfer any civil action to any other district or
division where it might have been brought or to any district or
division to which all parties have consented.").

## III. DISCUSSION

### a. Motion to Dismiss for Improper Venue

Under 42 U.S.C. § 2000e-5(f)(3)'s first venue option, this
Court finds that Plaintiff has not established that the alleged
unlawful employment practices occurred in New Jersey. Rather,
she alleges they occurred during her employment in New York.
(ECF 1 at 3). Therefore, venue is not proper in the District of
New Jersey pursuant to this venue option.

Under 42 U.S.C. § 2000e-5(f)(3)'s second venue option, this
Court finds that the employment records relevant to Plaintiff's
claims are likely administered and maintained in New York, as

4

New York was her place of employment.  (See ECF 1 at 3).  Thus, venue is not proper in the District of New Jersey according to this venue option either.

Under 42 U.S.C. § 2000e-5(f)(3)'s third venue option, this Court finds that Plaintiff alleges she would have continued to work in New York, but for the alleged unlawful employment practice.  (ECF 1 at 3).  While not included in her Complaint, in her Response Plaintiff has also stated that she had requested a temporary assignment in Puerto Rico that she was passed over for.  (ECF 38 at 2).  Again, neither of these places she would have worked are in New Jersey, and thus neither render venue proper in this Court.

As none of the mandatory venue options in 42 U.S.C. § 2000e-5(f)(3) permit venue for this matter in the District of New Jersey, this is not the proper venue for this action.

As explained by the Third Circuit, "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper," whereas Section 1406 "applies where the original venue is improper and provides for either transfer or dismissal of the case."  Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995).  Section 1406(a)'s "transfer provision is designed to preserve claims that rigid application of dismissal rules may bar."  Lafferty v. St. Riel, 495 F.3d 72, 79 (3d Cir. 2007) (citation omitted).  "Transfer is

5

generally more in the interest of justice than dismissal."
Binks v. US Tech Solutions, No. 23-2969, 2020 WL 6701470, at *3
(D.N.J. Nov. 12, 2020); see also Bockman, 459 F. App'x 157, 162
n.11 (3d Cir. 2021) ("Transfer in lieu of dismissal is generally
appropriate to avoid penalizing plaintiffs by 'time-consuming
and justice-defeating technicalities.'").  "A Court transferring
venue under § 1406 must simply determine a venue in which the
action originally could have been brought that serves the
interest of justice."  de Rojas v. Trans States Airlines, Inc.,
204 F.R.D. 265, 269 (N.J.D. 2001).

  Having decided that venue is improper in this District,
this Court must determine whether Plaintiff's case will be
dismissed or transferred.  If this case were dismissed,
Plaintiff might face a statute of limitations problem.
Therefore, this Court finds that although dismissal would be
appropriate, transfer of this case is in the interest of
justice.  Section 1406 states that if a transfer is made, it
should be made "to any district or division in which [the case]
could have been brought."  28 U.S.C.S. § 1406.  The Complaint
could have been filed in the United States District Court for
the Southern District of New York because Plaintiff's work in
New York, New York gave rise to this action.  In the interest of
justice, this Court will transfer this action to the Southern
District of New York.

6

**b. Motion to Dismiss for Failure to State a Claim**

Because this Court has determined that this matter will be transferred, the Court will not address Defendant's argument that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  This argument will be denied without prejudice to Defendants right to raise this argument again in the transferee Court where it is best resolved.

**IV.   <u>CONCLUSION</u>**

For the reasons expressed above, Defendant's Motion to Dismiss the complaint will be granted in part and denied in part without prejudice.  This matter will be transferred to the Southern District of New York.

An appropriate order will be entered.


Date: November 27, 2023               s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.